**JENNER & BLOCK LLP**
Navid C. Bayar (SBN 319640)
nbayar@jenner.com
525 Market Street, 29th Floor
San Francisco, CA 94105-2708
Telephone: (415) 293-4812

Susan J. Kohlmann (*pro hac vice application forthcoming*)
skohlmann@jenner.com
Alison Stein (*pro hac vice application forthcoming*)
astein@jenner.com
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: (212) 891-1690

**TORRIDON LAW PLLC**
Paul T. Cappuccio (*pro hac vice application forthcoming*)
pcappuccio@torridonlaw.com
Brett Katz (*pro hac vice application forthcoming*)
bkatz@torridonlaw.com
Justin M. Romeo (*pro hac vice application forthcoming*)
jromeo@torridonlaw.com
801 Seventeenth Street, N.W., Suite 1100
Washington, DC 20006
(202) 249-6900

*Attorneys for Defendants*
*News Corp UK & Ireland Limited and News Pty Limited*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| BRAVE SOFTWARE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NEWS CORPORATION d/b/a NEWS CORP, DOW JONES & CO., INC., NYP HOLDINGS, INC., NEWS CORP UK & IRELAND LIMITED, and NEWS PTY LIMITED d/b/a NEWS CORP AUSTRALIA,<br><br>Defendants. | 4:26-cv-04758-JST<br><br>**DEFENDANTS NEWS CORP UK & IRELAND LIMITED AND NEWS PTY LIMITED'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT UNDER 12(B)(1) and 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hearing Date: September 10, 2026<br>Time: 2:00 PM<br>Dept: Courtroom 6, 2nd Floor<br>Judge: Hon. Jon S. Tigar<br><br>Action filed: May 19, 2026<br><br>Trial Date: TBD |

## TABLE OF CONTENTS

NOTICE OF MOTION TO DISMISS ..... 1
STATEMENT OF THE ISSUES TO BE DECIDED ..... 2
MEMORANDUM OF POINTS AND AUTHORITIES ..... 1
I. INTRODUCTION ..... 1
II. RELEVANT BACKGROUND ..... 2
III. ARGUMENT ..... 3
A. THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE NEWS CORP UK AND NEWS PTY WOULD LACK STANDING TO SUE FOR COPYRIGHT INFRINGEMENT ..... 3
B. PLAINTIFF'S CLAIMS ALSO FAILS BECAUSE FOREIGN DEFENDANTS LACK STATUTORY STANDING UNDER THE COPYRIGHT ACT ..... 7
C. THERE IS NO ARTICLE III STANDING OR SUPPLEMENTAL JURISDICTION TO MAINTAIN PLAINTIFF'S BREACH OF CONTRACT DJ CLAIM ..... 8
IV. CONCLUSION ..... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acri v. Varian Assocs., Inc.*,
114 F.3d 999 (9th Cir. 1997) ........ 9

*Aetna Life Ins. Co. v. Haworth*,
300 U.S. 227 (1937) ........ 5

*Amaretto Ranch Breedables v. Ozimals Inc.*,
907 F. Supp. 2d 1080 (N.D. Cal. 2012) ........ 6, 8

*Apple Inc. v. Psystar Corp.*,
658 F.3d 1150 (9th Cir. 2011) ........ 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 7

*Dinosaur Fin. Grp. LLC v. S&P Glob., Inc.*,
2023 WL 4562031 (S.D.N.Y. July 14, 2023) ........ 5, 7

*DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*,
870 F.3d 978 (9th Cir. 2017) ........ 7

*Enreach Tech., Inc. v. Embedded Internet Sols., Inc.*,
403 F. Supp. 2d 968 (N.D. Cal. 2005) ........ 6

*GoDaddy.com, LLC v. RPost Commc'ns Ltd.*,
2014 WL 7263537 (D. Ariz. Dec. 9, 2014) ........ 7

*Gov't Emps. Ins. Co. v. Dizol*,
133 F.3d 1220 (9th Cir. 1998) ........ 6

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
896 F.2d 1542 (9th Cir. 1990) ........ 4

*Jervis B. Webb Co. v. So. Sys., Inc.*,
742 F.2d 1388 (Fed. Cir. 1984) ........ 8

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) ........ 3, 5

*Mangindin v. Wash. Mut. Bank*,
637 F. Supp. 2d 700 (N.D. Cal. 2009) ........ 6

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007) ... 3, 9

*Meister v. City of Hawthorne*,
2014 WL 3040175 (C.D. Cal. May 13, 2014) ... 5

*Microsoft Corp. v. MediaPointe, Inc.*,
626 F. Supp. 3d 1129 (C.D. Cal. 2022) ... 4

*Mirch v. United States*,
2026 WL 2018799 (9th Cir. July 13, 2026) ... 4

*Ningbo Yituo Enter. Mgmt. Co. v. GoPlus Corp.*,
2025 WL 2995105 (C.D. Cal. Oct. 9, 2025) ... 5

*Righthaven LLC v. Hoehn*,
716 F.3d 1166 (9th Cir. 2013) ... 7

*Roblox Corp. v. WowWee Grp. Ltd.*,
660 F. Supp. 3d 880 (N.D. Cal. 2023) ... 7

*Safe Air for Everyone v. Meyer*,
373 F.3d 1035 (9th Cir. 2004) ... 4

*Silvers v. Sony Pictures Entm't, Inc.*,
402 F.3d 881 (9th Cir. 2005) ... 7

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016) ... 3

*St. Clair v. City of Chico*,
880 F.2d 199 (9th Cir. 1989) ... 4, 5

*Synopsys, Inc. v. Avatar Integrated Sys., Inc.*,
2020 WL 7626427 (N.D. Cal. Dec. 22, 2020) ... 8

*Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*,
594 F.2d 730 (9th Cir. 1979) ... 4

*Top Victory Elecs. v. Hitachi Ltd.*,
2010 WL 4722482 (N.D. Cal. Nov. 15, 2010) ... 7

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) ... 8

*Viral DRM LLC v. Seven W. Media Ltd.*,
768 F. Supp. 3d 1025 (N.D. Cal. 2025) ... 7

*White v. Lee*,
227 F.3d 1214 (9th Cir. 2000) ... 4

*Wilton v. Seven Falls Co.*,
515 U.S. 277 (1995) .......... 6

*Yuga Labs, Inc. v. Ripps*,
144 F.4th 1137 (9th Cir. 2025) .......... 5, 8

**Statutes**

17 U.S.C. § 501(b) .......... 2, 1, 7, 8

28 U.S.C. § 1367(c) .......... 2, 9

28 U.S.C. § 2201(a) .......... 6

**Court Rules**

Rule 12(b)(1) .......... 2, 4, 6

Rule 12(b)(6) .......... 2, 4, 7

**FOREIGN DEFENDANTS' NOTICE OF MOTION TO DISMISS**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on Thursday, September 10, 2026 at 2:00 PM or as soon thereafter as this matter may be heard before the Honorable Jon S. Tigar, in Courtroom 6, 2nd Floor of the Ronald V. Dellums Federal Building & United States Courthouse, located at 1301 Clay Street, Oakland, CA 94612, Defendants News Corp UK & Ireland Limited ("News Corp UK") and News Pty Limited d/b/a News Corp Australia ("News Pty," together with News Corp UK, the "Foreign Defendants") will and hereby do move to dismiss all claims asserted against them in the complaint filed by Plaintiff Brave Software, Inc. ("Brave" or "Plaintiff") in their entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). This motion is based on this Notice of Motion, the following memorandum of points and authorities, the Declaration of Eugenie C. Gavenchak, all pleadings and papers on file or to be filed in this action, counsel's arguments, and any other matters properly before the Court.

## STATEMENT OF THE ISSUES TO BE DECIDED

1. Whether Plaintiff's declaratory judgment claims against Foreign Defendants should be dismissed under Rule 12(b)(1) for lack of Article III standing and subject matter jurisdiction because no Foreign Defendant owns the copyrights at issue.

2. Whether Plaintiff's claims against Foreign Defendants should be dismissed under Rule 12(b)(6) for lack of statutory standing under 17 U.S.C. § 501(b) because Foreign Defendants are not legal or beneficial owners of any exclusive right in the copyrights at issue.

3. Whether Plaintiff's declaratory judgment claim of no breach of contract against Foreign Defendants should be dismissed because no case or controversy exists as to that claim since Foreign Defendants do not own or control the websites at issue, and whether the Court should decline supplemental jurisdiction over that state-law claim under 28 U.S.C. § 1367(c).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendants News Corp UK & Ireland Limited ("News Corp UK") and News Pty Limited d/b/a News Corp Australia ("News Pty") (collectively, "Foreign Defendants") respectfully move to dismiss Plaintiff Brave Software, Inc.'s claims against them under Rules 12(b)(1) and 12(b)(6).

*First*, there is no Article III case or controversy. Because Foreign Defendants do not own the copyrights at issue and thus could never sue Brave for infringement of those copyrights, there is no actual controversy between Brave and Foreign Defendants for this Court to resolve. For that reason, this Court lacks subject matter jurisdiction over the claims against Foreign Defendants.

*Second*, Plaintiff fails to state a claim because, under 17 U.S.C. § 501(b), only the legal or beneficial owner of an exclusive right may institute an infringement action. A declaratory judgment plaintiff cannot maintain a non-infringement or copyright misuse claim against a defendant that has no right to sue in the first place.

*Third*, Brave's contract claim independently fails. Foreign Defendants do not own or operate the websites whose terms are at issue, so no controversy exists as to the contract claim. And the claim rests solely on supplemental jurisdiction, so once the federal copyright claims are dismissed, the state law claim should be dismissed too.

At bottom, Foreign Defendants do not own—and hold no exclusive rights under—any of the copyrighted works at issue in this case. Counsel for Foreign Defendants communicated to Brave prior to filing this motion that they "will formally agree, irrevocably and unconditionally, that they and their related local affiliates in the newspaper publishing business will not commence, maintain or participate in and will release any claim, action, lawsuit or proceeding, whether in law or equity, against Brave Software Inc. in any jurisdiction in connection with any of the activities described in the February 27, 2025 letter from Paul T. Cappuccio to Brave Software Inc.'s CEO Brendan Eich arising prior to the date of this covenant not to sue and release." *See* Decl. ¶ 9. Foreign Defendants and their local affiliates in the newspaper business were also willing to "agree to be subject to the outcome of the litigation in the United States whichever way it goes." *Id.* at ¶ 10. Counsel for News Corp had hoped to avoid burdening the Court with motion

practice but Brave nonetheless refused to dismiss Foreign Defendants from this case, necessitating the filing of this Motion.

## II. RELEVANT BACKGROUND

Brave sells access to its search index and search results to generative artificial intelligence companies through its Search API, which supplies search results to third-party large language models ("LLMs"). Compl. ¶¶ 46-47. Brave is a Delaware corporation headquartered in San Francisco, and it alleges that the challenged products are developed and managed from this District. Compl. ¶¶ 11, 21-22.

On February 27, 2025, counsel for News Corp sent Brave a letter (the "February Letter") asserting that Brave's scraping and indexing of News Corp content and Brave's monetization of that content through its Search API and the selling of its search results to other AI companies infringed News Corp's copyrights and breached News Corp's websites' terms of service. News Corp thus demanded that Brave cease that conduct and compensate News Corp for its use of News Corp's copyrighted works. *See* Compl. at Ex. A. Brave previously filed a materially identical declaratory judgment action in March 2025, which the parties stipulated to dismiss in June 2025 to pursue resolution. Compl. ¶¶ 70, 73. Yet, Brave filed this nearly identical action on May 19, 2026 even though News Corp was led to believe that the Parties were close to reaching agreement.

The February Letter stated that counsel represented "News Corp, including its subsidiaries Dow Jones, News UK, News Corp Australia, and the New York Post (collectively 'News Corp')," and that Brave's actions infringed News Corp's copyrights. *See* Compl. at Ex. A. Based on counsel's single statement, Brave named not only News Corporation and its domestic subsidiaries Dow Jones & Co., Inc. and NYP Holdings, Inc., which hold the copyrights at issue, but also Foreign Defendants. *See* Compl. ¶¶ 12-16. Moreover, and critically, Foreign Defendants do not own or have any rights in the copyrights in the February Letter. *See* Decl. ¶ 6. In fact, "News UK" and "News Corp Australia" are not legal entities; they are informal designations used to describe subsidiaries in those jurisdictions. *See* Decl. ¶ 5.

The February Letter also asserted that Brave's conduct violated "News Corp's terms of service." *See* Compl. at Ex. A. The websites whose terms were referenced are owned and operated by the domestic Defendants; Foreign Defendants do not own or operate a website whose terms Brave is alleged to have

breached. *See* Decl. ¶ 8. Brave itself alleges that Defendants "have not identified the specific URL, version, date, or provisions of the terms they contend apply to Brave's conduct." Compl. ¶ 99.

Nonetheless, Brave named Foreign Defendants News Corp UK and News Pty as defendants in its declaratory judgment complaint, seeking declarations of (1) no copyright infringement, (2) copyright misuse, and (3) no breach of contract. Compl. ¶ 10. Each of Brave's claims rises or falls on the premise that the named Defendants hold copyright interests in the works Brave's products are alleged to have unlawfully copied. But Foreign Defendants do not own, exclusively license, or otherwise hold any exclusive rights in any works, including the works at issue. *See* Decl. ¶ 6.

The domestic Defendants—which hold the copyrights at issue and operate the relevant websites—remain in this case and are concurrently filing an answer and counterclaims, ensuring that the parties' actual dispute will be fully litigated.

News Corp UK and News Pty offered Brave a covenant not to sue and a release of claims arising from Brave's past conduct and activity described in the February Letter and that Foreign Defendants and their local foreign affiliates would abide by any outcome in this matter. *See* Decl. ¶¶ 9-10. Brave nonetheless refused to dismiss the Foreign Defendants.

## III. ARGUMENT

### A. THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE NEWS CORP UK AND NEWS PTY WOULD LACK STANDING TO SUE FOR COPYRIGHT INFRINGEMENT.

As the party invoking federal jurisdiction, Plaintiff bears the burden of establishing Article III standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Plaintiff must establish a concrete and particularized injury in fact that is (1) actual or imminent, (2) fairly traceable to the challenged conduct of the defendant, and (3) likely to be redressed by the relief sought. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Failure to establish any element means there is no case or controversy, and the action must be dismissed for lack of subject matter jurisdiction. *See id.* at 561. In the declaratory judgment context, the dispute must additionally be "definite and concrete, touching the legal relations of parties having adverse legal interests," and be "real and substantial," rather than hypothetical or abstract. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted); *see also Hal Roach Studios, Inc. v.*

*Richard Feiner & Co.*, 896 F.2d 1542, 1555-56 (9th Cir. 1990) (controversy must be "of sufficient immediacy and reality to warrant declaratory relief").

A Rule 12(b)(1) motion may raise either a facial or a factual challenge to subject matter jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *see also White v. Lee,* 227 F.3d 1214, 1242-43 (9th Cir. 2000) (affirming dismissal of prospective declaratory relief claims for lack of subject matter jurisdiction on a factual challenge). A facial attack accepts the truth of the complaint's allegations; a factual attack disputes them with extrinsic evidence, which the Court may consider "without having to convert the motion into one for summary judgment." *See White*, 227 F.3d at 1242; *see also Mirch v. United States*, 2026 WL 2018799, at *1 (9th Cir. July 13, 2026) (a facial challenge under Rule 12(b)(1) asserts that the "allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction"). Once a factual challenge is made, the plaintiff must "present affidavits or other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) ("Where the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary.").

Here, no Article III case or controversy exists between Plaintiff and either of News Corp UK or News Pty under a facial or a factual analysis. Facially, the Complaint nowhere alleges that Foreign Defendants own—or hold any exclusive right in—any copyrighted work that Brave's products allegedly copy. *See, e.g.*, Compl. ¶¶ 18-24 (not specifically alleging that Foreign Defendants own any copyrighted works). This pleading deficiency alone is sufficient to dismiss. *See Microsoft Corp. v. MediaPointe, Inc.*, 626 F. Supp. 3d 1129, 1134 (C.D. Cal. 2022) (granting dismissal and stating that "Plaintiff has not sufficiently alleged that Defendants are the patentees, assignees, or licensees of the patents. Instead, the allegations leave doubt about whether Defendants in fact possess the necessary rights to grant this Court the Article III power to hear Plaintiff's declaratory judgment claims.").

Factually, News Corp UK and News Pty do not own or hold exclusive rights in any of the works at issue, as established by the accompanying declaration. *See* Decl. ¶ 6. An entity that holds no copyright

interest in the works at issue cannot sue Brave for infringing those copyrights, cannot misuse copyrights it does not hold, and poses no "real and substantial" threat of liability from which declaratory relief could shield Brave. *See Ningbo Yituo Enter. Mgmt. Co. v. GoPlus Corp.*, 2025 WL 2995105, at *7 (C.D. Cal. Oct. 9, 2025) (granting request to dismiss declaratory judgment claim for lack of standing based on covenant not to sue); *see also Dinosaur Fin. Grp. LLC v. S&P Glob., Inc.*, 2023 WL 4562031, at *19 (S.D.N.Y. July 14, 2023) (granting Motion to Dismiss in regard to the copyright claim) ("The first element—injury in fact—is missing here. Defendants do not own a copyright in CUSIP numbers."); *see also Yuga Labs, Inc. v. Ripps*, 144 F.4th 1137, 1177 (9th Cir. 2025) (claims for declaratory judgments for no copyright infringement against a non-owner can be dismissed with prejudice); *see also Lujan*, 504 U.S. at 560 (holding that standing in general must be supported by actual or imminent threats, not hypothetical or conjectural ones).

For Brave's claims against News Corp UK and News Pty to continue it must come forward with affidavits or other evidence establishing that each Foreign Defendant is the legal or beneficial owner of an exclusive right in at least one work at issue, which it plainly cannot produce. *See St. Clair*, 880 F.2d at 201. As noted above, Foreign Defendants and their local affiliates in the newspaper business offered Brave an irrevocable covenant not to sue and to release all claims arising from Brave's prior conduct and activity in the February Letter and offered to abide by the outcome of this litigation. That offer plainly mooted any case or controversy and eliminates any need for declaratory relief, but Brave rejected it and refused to dismiss News Corp UK and News Pty voluntarily.

Nor does the mere fact that counsel for Defendants sent the February 2025 letter create adversity between Brave and Foreign Defendants. Simple inclusion in a collective defined term is not an affirmative assertion of that entity's own copyright interests. Declaratory jurisdiction requires "adverse legal interests" between the specific parties, which the present record cannot and does not establish. *See Meister v. City of Hawthorne*, 2014 WL 3040175, at *6 (C.D. Cal. May 13, 2014) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-47 (1937)).

Because Plaintiff cannot establish injury in fact or redressability as to Foreign Defendants, the claims against them should be dismissed under Rule 12(b)(1). *See Enreach Tech., Inc. v. Embedded*

*Internet Sols., Inc.*, 403 F. Supp. 2d 968, 978-79 (N.D. Cal. 2005) (no justiciable controversy on declaratory copyright claim against defendants that "claimed no ownership interest" in the registrations at issue); *Amaretto Ranch Breedables v. Ozimals Inc.*, 907 F. Supp. 2d 1080, 1085 (N.D. Cal. 2012) (dismissing defendant where there was "no serious prospect" of liability against the plaintiff in non-infringement suit for declaratory judgment).

What's more, even where Article III jurisdiction does exist, declaratory relief is plainly discretionary. *See Wilton v. Seven Falls Co*., 515 U.S. 277, 286-88 (1995) ("Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."); 28 U.S.C. § 2201(a). In exercising that discretion, courts consider whether a declaration will settle the controversy and serve a useful purpose in clarifying the parties' legal relations. *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 n.5 (9th Cir. 1998) (*en banc*). Neither purpose would be served here. Foreign Defendants hold no copyrights in the works at issue and therefore cannot sue Brave for infringement over the copyrights at issue. *See* Decl. ¶¶ 6-7. A declaration against them would resolve nothing.

Moreover, the basis to decline declaratory jurisdiction is particularly strong here because Foreign Defendants and their local affiliates in the newspaper business offered Brave an irrevocable and unconditional covenant not to sue and to release all claims based on Brave's prior conduct and activity described in the February Letter. *See* Decl. ¶¶ 9-10. Put simply, Foreign Defendants have no plan or desire to sue Brave. Foreign Defendants and their local affiliates in the newspaper business also offered to be bound by the outcome of this lawsuit, but that too was rejected by Brave. The parties' actual dispute lies with the domestic Defendants, which own the copyrights and remain in this case and would be bound by the ultimate outcome. Complete relief, if warranted, is available to Brave in that dispute, while requiring Foreign Defendants to remain in the case would add needless complexity in the form of discovery and expense without narrowing a single issue. *See Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707-08 (N.D. Cal. 2009) (DJ claim dismissed as "duplicative and unnecessary" where relief available through the other causes of action). The Court should decline to entertain the declaratory claims against them for this independent reason.

**B. PLAINTIFF'S CLAIMS ALSO FAILS BECAUSE FOREIGN DEFENDANTS LACK STATUTORY STANDING UNDER THE COPYRIGHT ACT**

To avoid dismissal a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claims against Foreign Defendants independently fail under Rule 12(b)(6) because, under the Copyright Act, only "[t]he legal or beneficial owner of an exclusive right under a copyright" may institute an action for infringement of that right. 17 U.S.C. § 501(b); *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 884 (9th Cir. 2005) (*en banc*); *see also Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1169 (9th Cir. 2013); *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 983 (9th Cir. 2017). A declaratory judgment claim of non-infringement is the mirror image of an infringement claim; it accordingly requires a defendant that could bring the corresponding coercive action. *See Top Victory Elecs. v. Hitachi Ltd.*, 2010 WL 4722482, at *2 (N.D. Cal. Nov. 15, 2010) ("In order for a plaintiff to have standing in a declaratory action involving allegations of patent infringement, the defendant must have a legal right in the patent at issue that would allow the defendant to bring suit for infringement."); *see also GoDaddy.com, LLC v. RPost Commc'ns Ltd.*, 2014 WL 7263537, at *3 (D. Ariz. Dec. 9, 2014) ("In declaratory judgment actions for patent invalidity and noninfringement, a plaintiff lacks standing when the defendants have insufficient interest in the patents in question such that the defendants would be unable to enforce the patents against infringement.").

Here, the Complaint pleads no facts plausibly establishing that News Corp UK or News Pty are the legal or beneficial owner of any exclusive right in any work at issue. They cannot, therefore, institute an action against anyone under 17 U.S.C. § 501 for infringement of any such copyrights. *See Viral DRM LLC v. Seven W. Media Ltd.*, 768 F. Supp. 3d 1025 (N.D. Cal. 2025) (dismissing a claim under 12(b)(6) on the basis that the plaintiff was not the copyright holder and thus lacked statutory standing); *see also Roblox Corp. v. WowWee Grp. Ltd.*, 660 F. Supp. 3d 880, 897-98 (N.D. Cal. 2023) (dismissing a copyright infringement claim brought by an individual plaintiff who lacked standing due to lack of ownership). Brave's copyright misuse claim against Foreign Defendants also fails for the following reason and others: Misuse presupposes a copyright to misuse, and an entity holding no such copyright cannot leverage one. *See Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1157 (9th Cir. 2011) ("We described the purpose of the

defense as preventing holders of copyrights from leveraging their limited monopoly to allow them control of areas outside the monopoly." (cleaned up, citation omitted)); *Dinosaur Fin. Grp. LLC*, 2023 WL 4562031, at *19 (no injury in fact if defendants don't own copyright). Nor does Foreign Defendants' corporate affiliation with News Corp supply ownership under the Copyright Act, as 17 U.S.C. § 501(b) provides that only the legal or beneficial owner of an exclusive right may sue, and corporate separateness is respected absent alter ego allegations, which the Complaint does not plead.

Since Foreign Defendants have no legal right to sue Plaintiff for infringement, Plaintiff has no statutory standing to sue for declaratory relief predicated on the threat of an infringement suit. *See Amaretto,* 907 F. Supp. 2d at 1085 (holding that a plaintiff lacks standing to receive declaratory relief for no copyright infringement and copyright misuse when the defendant cannot sue for infringement). Plaintiff's declaratory judgment claims against Foreign Defendants therefore fail as a matter of law and should be dismissed. *Id.*; *see also Yuga Labs,* 144 F.4th at 1177.

### C. THERE IS NO ARTICLE III STANDING OR SUPPLEMENTAL JURISDICTION TO MAINTAIN PLAINTIFF'S BREACH OF CONTRACT DJ CLAIM

***Article III Standing***—Plaintiff's third claim seeking a declaration of no breach of contract against Foreign Defendants must also be dismissed under Rule 12(b)(1). The "existence of a case or controversy must be evaluated on a claim-by-claim basis." *See Synopsys, Inc. v. Avatar Integrated Sys., Inc.*, 2020 WL 7626427, at *1 (N.D. Cal. Dec. 22, 2020) (citing *Jervis B. Webb Co. v. So. Sys., Inc.*, 742 F.2d 1388, 1399 (Fed. Cir. 1984)); *see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) ("standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek"). The Complaint pleads no facts plausibly establishing any terms of service belonging to either News Corp UK or News Pty. To the contrary, Brave alleges that Defendants "have not identified the specific URL, version, date, or provisions of the terms they contend apply to Brave's conduct," Compl. ¶ 99, and that no contract was formed at all. *See* Compl. ¶ 103. Indeed, Foreign Defendants do not own or operate the websites whose terms were the subject of the February 27, 2025 letter. *See* Decl. ¶ 8. In any event, as is clear from Defendants' concurrently filed answer and counterclaims, the domestic Defendants have not asserted and do not plan to assert a breach of contract claim premised on Brave's breach of the terms of service with respect to Foreign Defendants.

Because Foreign Defendants could not and presently do not maintain a breach of contract action against Brave, there is no "substantial controversy" between these parties "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc.*, 549 U.S. at 127 (citation omitted). Brave's contract claim against Foreign Defendants should be dismissed.

***Supplemental Jurisdiction***—If the federal copyright claims are dismissed as to Foreign Defendants the Court should likewise decline to exercise supplemental jurisdiction over the contract claim against them. With no federal claim remaining to which the state-law contract claim could attach, the values of "economy, convenience, fairness, and comity" counsel against retaining a state-law declaratory claim against foreign entities with no copyrights at issue. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (*en banc*) (citation omitted); *see* 28 U.S.C. § 1367(c). The Court should therefore dismiss the third claim against Foreign Defendants in its entirety.

## IV. CONCLUSION

For the reasons stated herein, Foreign Defendants request that the Court dismiss this action as to them with prejudice. Dismissal should be without leave to amend because no amendment can cure Foreign Defendants' lack of any ownership interest or exclusive right in the copyrighted works at issue.

Dated: July 21, 2026

**JENNER & BLOCK LLP**

By: /s/ *Navid Bayar*
Susan J. Kohlmann (pro hac vice forthcoming)
Alison Stein (pro hac vice forthcoming)
Navid C. Bayar (SBN 319640)

**TORRIDON LAW PLLC**

/s/ *Paul Cappuccio*
Paul T. Cappuccio (pro hac vice forthcoming)
Brett Katz (pro hac vice forthcoming)
Justin Romeo (pro hac vice forthcoming)

*Attorneys for Defendants News Corp UK & Ireland Limited and News Pty Limited*