**JENNER & BLOCK LLP**
Navid C. Bayar (SBN 319640)
nbayar@jenner.com
525 Market Street, 29th Floor
San Francisco, CA 94105-2708
Telephone: (415) 293-4812

Susan J. Kohlmann (*pro hac vice*)
skohlmann@jenner.com
Alison Stein (*pro hac vice*)
astein@jenner.com
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: (212) 891-1690

**TORRIDON LAW PLLC**
Brett Katz (*pro hac vice*)
bkatz@torridonlaw.com
Justin M. Romeo (*pro hac vice*)
jromeo@torridonlaw.com
801 Seventeenth Street, N.W., Suite 1100
Washington, DC 20006
(202) 249-6900

*Attorneys for Defendants*
*News Corp UK & Ireland Limited and News Pty Limited*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| BRAVE SOFTWARE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NEWS CORPORATION d/b/a NEWS CORP, DOW JONES & CO., INC., NYP HOLDINGS, INC., NEWS CORP UK & IRELAND LIMITED, and NEWS PTY LIMITED d/b/a NEWS CORP AUSTRALIA,<br><br>Defendants. | 4:26-cv-04758-JST<br><br>**DEFENDANTS NEWS CORP UK & IRELAND LIMITED AND NEWS PTY LIMITED'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Hearing Date: December 17, 2026<br>Time: 2:00 PM<br>Dept: Courtroom 6, 2nd Floor<br>Judge: Hon. Jon S. Tigar<br><br>Action filed: May 19, 2026<br><br>Trial Date: TBD |

# TABLE OF CONTENTS

I. INTRODUCTION ........ 1
II. ARGUMENT ........ 2
A. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COPYRIGHT CLAIMS. ........ 2
B. BRAVE'S CLAIMS INDEPENDENTLY FAIL UNDER RULE 12(b)(6) FOR LACK OF STATUTORY STANDING ........ 8
C. THERE IS NO ARTICLE III STANDING OR SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S BREACH OF CONTRACT DECLARATORY CLAIM ........ 9
III. CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**


*Acri v. Varian Assocs., Inc.*,
114 F.3d 999 (9th Cir. 1997) (*en banc*) ....................10

*Amana Refrigeration, Inc. v. Quadlux, Inc.*,
172 F.3d 852 (Fed. Cir. 1999)....................5

*Amaretto Ranch Breedables v. Ozimals Inc.*,
907 F. Supp. 2d 1080 (N.D. Cal. 2012) ....................4, 9

*Apple Inc. v. Psystar Corp.*,
658 F.3d 1150 (9th Cir. 2011) ....................9

*Application Sci. & Tech., LLC v. Statmon Techs. Corp.*,
2006 WL 1430215 (N.D. Ill. Apr. 21, 2006) ....................10

*Bundy v. Nirvana L.L.C.*,
2022 WL 22878785 (C.D. Cal. Apr. 18, 2022) ....................8

*Crossbow Tech., Inc. v. YH Tech.*,
531 F. Supp. 2d 1117 (N.D. Cal. 2007) ....................7

*DaimlerChrysler Corp. v. Cuno*,
547 U.S. 332 (2006)....................10

*DePuy Synthes Sales, Inc. v. Stryker Corp.*,
2020 WL 6205702 (C.D. Cal. Sept. 29, 2020) ....................9, 10

*Enreach Tech., Inc. v. Embedded Internet Sols., Inc.*,
403 F. Supp. 2d 968 (N.D. Cal. 2005) ....................4

*GoDaddy.com, LLC v. RPost Commc'ns Ltd.*,
2014 WL 7263537 (D. Ariz. Dec. 9, 2014) ....................4, 8, 9

*Gov't Emps. Ins. Co. v. Dizol*,
133 F.3d 1220 (9th Cir. 1998) (*en banc*) ....................2, 8

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
896 F.2d 1542 (9th Cir. 1990) ....................5

*Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*,
346 F.3d 1190 (9th Cir. 2003) ....................5

*Leite v. Crane Co.*,
749 F.3d 1117 (9th Cir. 2014) ....................1, 2, 3, 4

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992)....5

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007)....1, 6, 7

*Microsoft Corp. v. MediaPointe, Inc.*,
626 F. Supp. 3d 1129 (C.D. Cal. 2022)....4

*Mockingbird Found., Inc. v. Luong*,
2020 WL 858099 (N.D. Cal. Feb. 20, 2020)....6

*Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*,
556 F.3d 1294 (Fed. Cir. 2009)....6

*Rural Green I Ltd. P'ship v. Jaddou*,
2024 WL 3652878 (W.D. Wash. Aug. 5, 2024)....3

*San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*,
2020 WL 5797827 (S.D. Cal. Sept. 29, 2020)....5

*San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*,
65 F.4th 1012 (9th Cir. 2023)....5, 6

*Savage v. Glendale Union High Sch.*,
343 F.3d 1036 (9th Cir. 2003)....2

*Shloss v. Sweeney*,
515 F. Supp. 2d 1068 (N.D. Cal. 2007)....6

*Spicy Beer Mix, Inc. v. New Castle Beverage*,
2014 WL 7672167 (C.D. Cal. Aug. 1, 2014)....7

*St. Clair v. City of Chico*,
880 F.2d 199 (9th Cir. 1989)....2

*Top Victory Elecs. v. Hitachi Ltd.*,
2010 WL 4722482 (N.D. Cal. Nov. 15, 2010)....1, 8, 9

*Turner v. City & Cnty. of San Francisco*,
892 F. Supp. 2d 1188 (N.D. Cal. 2012)....10

*United States v. Jackson*,
21 F.4th 1205 (9th Cir. 2022)....10

*United States v. Schlenker*,
24 F.4th 1301 (9th Cir. 2022)....10

*Wilton v. Seven Falls Co.*,
515 U.S. 277 (1995)....7

*Win Elements, LLC v. Yondr, Inc.*,
2025 WL 2684038 (C.D. Cal. July 28, 2025) .....5

**Statutes**

17 U.S.C. § 501(b) .....8

28 U.S.C. § 1367(c) .....10

**Other Authorities**

Fed. R. Civ. P. 26(b)(1) .....8

## I. INTRODUCTION

Foreign Defendants own no copyrights implicated in this litigation, have said so under oath, and Brave has offered nothing to rebut this basic fact. Under black-letter law, the copyright declaratory judgment claims fail on that basis alone, and the state-law contract claim should fall with them.

***Brave fails to meet its burden in response to a 12(b)(1) factual challenge***—Despite the additional time to come forward with actual evidence supporting Article III jurisdiction, Brave still comes up short. That ends the inquiry under Ninth Circuit law. *See Leite v. Crane Co*., 749 F.3d 1117, 1121 (9th Cir. 2014) (once a defendant "raises a factual attack, the plaintiff must support her jurisdictional allegations with competent proof," and "bears the burden of proving by a preponderance of the evidence" that jurisdiction exists (cleaned up)). Brave's entire argument mistakenly rests on a single sentence in the February Letter[1] that cannot bear the weight that Brave places on it: the fact is that the foreign entities that Brave has sued own no relevant copyrights and therefore cannot sue Brave. *See Top Victory Elecs. v. Hitachi Ltd.*, 2010 WL 4722482, at *2 (N.D. Cal. Nov. 15, 2010) (standing for plaintiff's IP DJ action required defendant to have legal right to sue).

***Brave confuses standing with mootness***—If Brave lacks declaratory judgment standing (as is the case here), whether the covenant not to sue is broad enough to moot anything is beside the point. *See MedImmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 127 (2007) (jurisdiction requires a controversy "between parties having adverse legal interests."). In any event, Foreign Defendants and their local affiliates in the newspaper business have irrevocably and unconditionally agreed not to commence, maintain or participate in a lawsuit (in any jurisdiction), and to otherwise release any claim against Brave in connection with the activities described in the February Letter arising prior to the date of the covenant not to sue and release. *See* Dkt. 24-1 at ¶ 9. Brave's speculations about the possibility of "future conduct" fail because Brave does not explain (because it cannot) how Foreign Defendants could sue in the future over copyrights they do not own. Moreover, Foreign Defendants and their local affiliates in the newspaper business agreed to be bound by the outcome of this litigation. *See id.* at ¶ 10. Declaratory relief would therefore serve no useful purpose in this case. *See Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 n.5

[1] Abbreviations and definitions in this Reply replicate the abbreviations appearing in the Foreign Defendants' Motion to Dismiss. *See* Dkt. 24.

(9th Cir. 1998) (*en banc*) (declaratory action should "serve a useful purpose in clarifying the legal relations at issue").

***The Court should not exercise supplemental jurisdiction over the contract claim***—The undisputed record shows that Foreign Defendants do not own or operate the websites whose terms of service are at issue, so there is no immediate or real controversy between Brave and Foreign Defendants over those terms. And once the federal copyright claims against Foreign Defendants are dismissed, no federal claim remains against them to support supplemental jurisdiction over a state-law contract claim.

## II. ARGUMENT

### A. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COPYRIGHT CLAIMS

#### 1. Brave has failed to meet its burden on a factual 12(b)(1) challenge

Brave's entire jurisdictional argument rests on one sentence in the February Letter that uses News Corp collectively as a defined term to refer to certain subsidiaries, only two of which (Dow Jones and the New York Post) are parties to this lawsuit and hold relevant copyrights. *See* Ex. A to Compl. at 1. That sentence does nothing to fulfill Brave's burden. Foreign Defendants submitted a sworn declaration setting forth under oath that neither News Corp UK nor News Pty, the entities that Brave chose to sue, owns or holds any exclusive right in any copyrights implicated in this lawsuit. *See* Dkt. 24-1 at ¶¶ 5-7. At that point, Ninth Circuit law required Brave to "present affidavits or other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) ("the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction"); *Leite v. Crane Co.*, 749 F.3d at 1121-22 (9th Cir. 2014) (jurisdictional allegations require "competent proof" "under the same evidentiary standard that governs in the summary judgment context").

In response to black-letter law, Brave has provided nothing: not a single declaration attesting to (for example) relevant communication between Brave and News Corp as to the status of Foreign Defendants' copyrights or intent to sue, no email correspondence as to the same, no copyright registrations, no chain-of-title documents, nor anything else. That is because the February Letter at most contains one

stray reference to a set of affiliated business units, made in the spirit of pursuing a global resolution on behalf of News Corp, as is common practice when licensing deals are sought from a corporate conglomerate. As set forth in Foreign Defendants' declaration, the February Letter's references to "News UK" and "News Corp Australia" are not references to News Corp UK or News Pty at all.[2] Those are in fact informal labels for the subsidiaries operating in each jurisdiction. Dkt. 24-1 ¶ 5 ("The names 'News UK' and 'News Corp Australia' are informal designations used to refer collectively to subsidiaries operating in those jurisdictions."). Listing a group of affiliates under one defined term (*i.e.*, "News Corp") does not assert that each of them holds rights or intends to sue.

Brave also complains that the set of copyrights "at issue" is vague and unclear. *See, e.g.*, Opp. Br. at 1-3, 10. Not so. Foreign Defendants have explained that they own no copyrights and hold no exclusive rights in any of the works or registrations referenced in the February Letter or the Complaint, so Foreign Defendants could not sue over any set of copyrights. Dkt. 24-1 at ¶¶ 6-7. In any event, the copyright registrations at issue were included as exhibits to the Domestic Defendants' counterclaims. *See* Dkt. 29-1. Brave has not identified a single publication owned or operated by either Foreign Defendant, which speaks to the lack of any actual controversy between these parties. Brave's attempt to burden the Court with adjudicating a non-existent claim should be rejected. *Leite*, 749 F.3d at 1121 (9th Cir. 2014) (need to support jurisdictional allegations with proof).[3]

At bottom, Foreign Defendants' declaration stands unrebutted. That ends the standing inquiry, requiring dismissal. *See Rural Green I Ltd. P'ship v. Jaddou,* 2024 WL 3652878, at *1 (W.D. Wash. Aug.

[2] Brave's own brief inserts "[sic]" after "News UK" when quoting the February Letter, seemingly acknowledging that the Letter did not even name News Corp UK & Ireland Limited. Opp. Br. at 2.

[3] Brave includes a footnote noting that the declaration disclaims rights "referenced in the Letter" while Foreign Defendants' motion to dismiss brief refers to copyrights in "any works." *See* Opp. Br. at 10 n.2 (suggesting that the "supporting declaration is narrower"). Brave also overlooks that the declaration is not limited to the Letter, as it states "Neither News Corp UK nor News Pty are the beneficial owners of any copyright registrations referenced in the February Letter or the Complaint," and that the U.S. copyrights referenced in both "are owned by the domestic subsidiaries of News Corp." *See* Dkt. 24-1 at ¶¶ 6-7. In any case, the wording distinction is immaterial, as the Foreign Defendants have repeatedly stated that they simply do not own *any relevant copyrights at all*, and no parsing of the motion to dismiss brief vis-à-vis the declaration changes that fact.

5, 2024) ("once a defendant makes a factual challenge to the court's jurisdiction, it becomes necessary for the party opposing the motion [to dismiss] to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction" (cleaned up, citation omitted)); *see also Amaretto Ranch Breedables v. Ozimals Inc.*, 907 F. Supp. 2d 1080, 1085 (N.D. Cal. 2012) (dismissing defendant where there was "no serious prospect" of liability against the plaintiff in non-infringement declaratory judgment suit); *Enreach Tech., Inc. v. Embedded Internet Sols., Inc.*, 403 F. Supp. 2d 968, 978-79 (N.D. Cal. 2005) (no justiciable controversy on declaratory copyright claim against defendants that "claimed no ownership interest" in the registrations at issue); *GoDaddy.com, LLC v. RPost Commc'ns Ltd.*, 2014 WL 7263537, at *3-4, *6 (D. Ariz. Dec. 9, 2014) (dismissing declaratory judgment claims for lack of jurisdiction where defendants disclaimed an ownership interest in the patents-in-suit, and rejecting plaintiff's reliance on demand letters to establish a controversy with non-owners).

**2. Brave's complaint fails to show ownership, so it fails to establish Art. III jurisdiction on its face.**

Brave says its burden "at this stage is limited to pleading facts sufficient to show it has a reasonable apprehension of suit." Opp. Br. at 9. But Brave at no point suggests that it can or that it has pleaded that Foreign Defendants own the copyrights over which Brave believes it will be sued. *See Microsoft Corp. v. MediaPointe, Inc.*, 626 F. Supp. 3d 1129, 1134 (C.D. Cal. 2022).[4] Though Brave calls Foreign Defendants' under oath declaration "too little, too late," Opp. Br. at 8, it is proper to present evidence showing the absence of jurisdiction because jurisdiction cannot be waived. *See Leite*, 749 F.3d at 1121 (factual

[4] Brave's attempt to distinguish *MediaPointe* (Opp. at 9 n.1) changes nothing. There, the complaint pleaded facts pointing in both directions on whether the defendants held the patents, and the court dismissed because that uncertainty went against the plaintiff (who bears the burden). Brave's complaint does not even do that, alleging nothing about Foreign Defendants' ownership at all. *See MediaPointe, Inc.*, 626 F. Supp. 3d at 1134 (granting dismissal and stating that "Plaintiff has not sufficiently alleged that Defendants are the patentees, assignees, or licensees of the patents. Instead, the allegations leave doubt about whether Defendants in fact possess the necessary rights to grant this Court the Article III power to hear Plaintiff's declaratory judgment claims."). Brave's suit should be dismissed as to Foreign Defendants for these exact reasons.

challenge to jurisdiction requires evidence); *see also Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("subject matter jurisdiction may not be waived.").

**3. Brave's argument as to the covenant's coverage of "future conduct" fails**

Brave speculates that Foreign Defendants could later obtain future copyrights over which they could sue. Opp. Br. at 8, 10-11. But the law is clear that speculation about a future potential suit is not enough to establish jurisdiction and burden this Court. Article III requires an injury that is "actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555-56 (9th Cir. 1990) (controversy must be "of sufficient immediacy and reality to warrant declaratory relief"). Taken to its logical conclusion, Brave's theory would mean there would always be declaratory judgment jurisdiction over anyone unless they agreed never to sue the plaintiff for anything in the future. That is not the law. *See Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999) ("an actual controversy cannot be based on a fear of litigation over future products"); *see also Win Elements, LLC v. Yondr, Inc.*, 2025 WL 2684038, at *2 (C.D. Cal. July 28, 2025) (covenant not to sue applying to "any existing claim" divested the court of jurisdiction).

Brave leans on *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 2020 WL 5797827 (S.D. Cal. Sept. 29, 2020) for the proposition that withdrawing a threat is insufficient to negate reasonable apprehension as a matter of law. Opp. at 7. But that case is inapposite. There, the declaratory judgment defendant held a registered trademark (*see* 2020 WL 5797827, at *2) and its corporate designee testified she believed the plaintiff's mark constituted infringement while also declining to "put to rest the possibility that CEFCU will file a trademark infringement suit as to the SDCCU mark in the future" (*id.* at *4).[5] The dispute before the court was whether CEFCU's post-filing conduct had mooted the controversy,

---

[5] In fact, CEFCU had also petitioned the TTAB to cancel SDCCU's registration before the declaratory action began, so the parties were already adverse in the proceeding. *See* 65 F.4th at 1018-1019.

not whether the plaintiff had Art. III standing. *Id.* (holding that CEFCU's refusal to stipulate to non-infringement and its designee's refusal to disclaim a future suit meant "CEFCU has not shown that the declaratory relief claims have become moot"). Indeed, on appeal, the Ninth Circuit confirmed that the declaratory judgment plaintiff bears the burden of proving jurisdiction by a preponderance of the evidence in response to a factual attack (a burden Brave has made no attempt to carry). *See* 65 F.4th 1012, 1028-29 (9th Cir. 2023) ("If the factual basis for jurisdiction is disputed, the plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met.") (cleaned up). The Ninth Circuit further held that jurisdiction ceases to exist when the plaintiff's activities are not being chilled, *i.e.*, jurisdiction ceased once the defendant's conduct no longer put the plaintiff at a realistic risk of suit, making them free to continue their activities. *Id*. at 1030-32. *San Diego County* thus actually supports granting dismissal as to Foreign Defendants.

Every case Brave cites in its brief, including *Shloss*, *Mockingbird*, and *Revolution Eyewear*, is consistent with Foreign Defendants' argument that declaratory jurisdiction requires the defendant to have a valid legal right to assert against the plaintiff.[6] As is the Supreme Court's decision in *MedImmune, Inc.*, which is cited by both parties (MTD Br. at 9 and Opp. Br. at 8-9). *See* 549 U.S. at 127 (jurisdiction requires a controversy "between parties having adverse legal interests.").

Here, by contrast, the record is clear that Foreign Defendants cannot and do not plan to sue. Instead, Foreign Defendants offered a covenant and agreed to be bound by the outcome of this case to avoid unnecessary motion practice (not because a covenant was needed to defeat jurisdiction that never existed).

---

[6] *See Shloss v. Sweeney*, 515 F. Supp. 2d 1068, 1077-78 (N.D. Cal. 2007) (defendants asserted rights in the works at issue and repeatedly made implicit litigation threats over nine years and the offered covenant excluded the amended version of the plaintiff's work); *Mockingbird Found., Inc. v. Luong*, 2020 WL 858099, at *2, 5 (N.D. Cal. Feb. 20, 2020) (defendant's ownership was not at issue, the license he granted covered only the single photograph at issue, and the defendant "still believed" infringement had occurred); *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc*., 556 F.3d 1294, 1296-1300 (Fed. Cir. 2009) (patentee indisputably owned the patent and its offered covenant reached only past infringement, leaving the accused infringer exposed to suit on future sales it intended to resume). In none of these cases was there any question about whether the declaratory defendant could bring the threatened claim, while the record in this case establishes that Foreign Defendants cannot maintain an infringement suit.

In any event, courts in this Circuit often dismiss declaratory judgment claims based on similar covenants. *See, e.g.*, *Win Elements*, 2025 WL 2684038, at *1-2; *Spicy Beer Mix, Inc. v. New Castle Beverage*, 2014 WL 7672167, at *6-7 (C.D. Cal. Aug. 1, 2014) (covenant not to sue divested court of jurisdiction).

A further instructive case is *Crossbow Tech., Inc. v. YH Tech.*, 531 F. Supp. 2d 1117 (N.D. Cal. 2007). There, the plaintiff-patentee sued the accused infringer, who then counterclaimed for declaratory judgments of non-infringement and invalidity. *Id.* at 1118-19. The plaintiff-patentee then covenanted not to sue, dismissed its own claims with prejudice, and moved to dismiss defendants' declaratory judgment counterclaims for lack of jurisdiction. *Id.* at 1119. Though the defendant opposed, the court agreed that dismissal was proper. Applying *MedImmune*, the court held that a covenant not to sue "unequivocally" eliminated the controversy "regardless of [the IP holder's] past pursuit of infringement claims," and plans for future activity did not satisfy *MedImmune*'s "immediacy and reality requirement" and would otherwise be "simply too speculative a basis for jurisdiction" over the declaratory judgment counterclaims. *Id*. at 1121, 1123-24. Dismissal for lack of jurisdiction is proper for similar reasons here.

Brave does not cite a single case finding a live controversy where the declaratory judgment defendant established via unrebutted sworn evidence that it has no claim to assert, let alone offered a covenant. The declaratory judgment claims against Foreign Defendants should therefore be dismissed.

**4. Alternatively, the Court should decline to exercise declaratory jurisdiction**

The Declaratory Judgment Act gives federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants." *See Wilton v. Seven Falls Co*., 515 U.S. 277, 286 (1995). In support of discretionary jurisdiction, Brave makes only two points: (1) that Foreign Defendants theoretically would not be bound by a judgment against Domestic Defendants, so any relief against them would not be "entirely commensurate with the relief sought" against them (Opp. Br. at 11-12); and (2) that Brave would like discovery from Foreign Defendants about the "scope and circumstances" of the February Letter (though without explaining its relevance to the issue of infringement) (*id.*). Both arguments fail.

As to point (1), Foreign Defendants have stated in a sworn declaration that they and their local affiliates in the newspaper publishing business will agree to be bound by the outcome of this litigation, whichever way it goes. Dkt. 24-1 at ¶ 10. In any case, the practical reality is the same. Once the Court resolves the dispute between Brave and the Domestic Defendants, the Court's view of the lawfulness of Brave's conduct will have been made clear, and there will be nothing left for either Domestic Defendants or Foreign Defendants to sue over as it pertains to the scope of Brave's lawsuit. Put another way, a declaration against non-owners of the copyrights at issue does nothing to clarify the parties' legal relations. *See Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d at 1225 n.5 (court should consider "whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue.").

As to point (2), Brave remains free to seek discovery consistent with Rule 26's standards of relevance, proportionality, and burden. *See* Fed. R. Civ. P. 26(b)(1). That includes discovery into the February Letter's circumstances, and Domestic Defendants remain parties and have access to any relevant information about the Letter and the corporate family's copyright holdings. Brave's desire for discovery is not an Article III controversy, and jurisdiction cannot be bootstrapped onto this case on that basis.

### B. BRAVE'S CLAIMS INDEPENDENTLY FAIL UNDER RULE 12(b)(6) FOR LACK OF STATUTORY STANDING

Brave's response to Foreign Defendants' Rule 12(b)(6) argument repeats the same points it offers throughout its opposition, namely, that Brave thought it might get sued, so it sued first. *See* Opp. Br. at 12-13. That answers the wrong question. Reasonable apprehension speaks to Article III, not to the statutory predicate for Brave's claims. Under 17 U.S.C. § 501(b), only the legal or beneficial owner of an exclusive right may institute an infringement action, and a declaratory judgment claim of non-infringement is the mirror image of the coercive suit. *See Top Victory Elecs.*, 2010 WL 4722482, at *2 (N.D. Cal. Nov. 15, 2010) (plaintiff's standing requires the defendant to have "a legal right in the patent at issue that would allow the defendant to bring suit for infringement."); *see also GoDaddy.com*, 2014 WL 7263537, at *3 (D. Ariz. Dec. 9, 2014) (declaratory plaintiff lacks standing if defendants are unable to enforce the patents). Ownership is a necessary component of any copyright infringement claim. *See Bundy v. Nirvana L.L.C.*,

2022 WL 22878785, at *4 (C.D. Cal. Apr. 18, 2022) ("It is axiomatic that to state a claim for copyright infringement under U.S. law, the plaintiff must own a copyright.").

Brave's theory appears to be that a declaratory judgment action can proceed even absent any evidence that the named defendants could bring the underlying suit. Brave cites no case so holding, and its footnote asserting that Foreign Defendants' authorities arise in "a different procedural posture" (*see* Opp. Br. at 13 n.4) is wrong: *Top Victory* and *GoDaddy* are declaratory judgment cases applying the same mirror-image logic discussed in Foreign Defendants' opening brief, *i.e.*, that a declaratory judgment claim is the mirror image of an affirmative claim, so such a declaratory suit necessarily requires the defendant to have a legal right to assert against the plaintiff. *See* MTD Br. at 7. And *Amaretto* dismissed declaratory judgment claims for non-infringement and copyright misuse where the defendant could not sue.[7]

### C. THERE IS NO ARTICLE III STANDING OR SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S BREACH OF CONTRACT DECLARATORY CLAIM

***No Article III Standing for Contract Claim***—As with its copyright claims, Brave belabors the point that Foreign Defendants' assertions in the February Letter created a "reasonable apprehension" for it that Foreign Defendants might sue Brave for breach of contract on websites that Brave scraped and indexed. *See* Opp. Br. at 14-15. However, just as its copyright-related claims fail for lack of standing, so too does its contract-related claim, as Brave has not shown that it faces a "real and reasonable apprehension" of suit for breach of contract by Foreign Defendants, particularly given that Foreign Defendants have stated that they do not "own or operate" the websites referenced in the February Letter. *See* Dkt. 24-1 at ¶ 8. Brave's own complaint confirms as much: Brave alleges that Defendants "have not identified the specific URL, version, date, or provisions of the terms they contend apply to Brave's conduct," Compl. at ¶ 99, and that no contract was formed at all, *see* Compl. ¶ 103. Brave cannot be sued for breach of contract by entities that have no contract with it.

---

[7] Further, Brave does not even attempt to respond to the deficiencies regarding its copyright misuse claim, *i.e.*, that misuse presupposes a copyright to leverage for suit, yet Brave identifies none. *Compare* MTD Br. at 7-8 (explaining why Brave's copyright misuse claim fails) *with* Opp. Br. *generally* (not explaining how copyright misuse can be maintained absent valid copyrights); *see also Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1157 (9th Cir. 2011).

Still, Brave cites *DePuy Synthes Sales, Inc. v. Stryker Corp*., 2020 WL 6205702, at *5 (C.D. Cal. Sept. 29, 2020) for the proposition that a cease-and-desist letter supports standing where the defendant "appeared ready to enforce [the contract] in court." Opp. Br. at 14. But the opposite is true here: Foreign Defendants have disclaimed any intent to sue for contract claims, have covenanted not to sue Brave, and have explained that they do not own or operate the websites referenced in the February Letter. *See* Dkt. 24-1 at ¶¶ 8-9. Moreover, the *DePuy* defendant was a party to the contract at issue, while here Foreign Defendants have no relevant contractual relationship with Brave. Brave's remaining authorities either involved plea agreements where actual contracts existed (*i.e.*, *Schlenker* and *Jackson*) or involved situations where the defendant did not deny owning copyrights (*i.e.*, *Application Sci.*).[8] All of these situations differ from this case, where Brave pleads no contract exists and sworn (and unrebutted) evidence shows Foreign Defendants neither own the websites nor hold relevant copyrights.

***Supplemental jurisdiction***—If the copyright claims are dismissed as to Foreign Defendants, the Court should decline supplemental jurisdiction over the contract claim for the reasons in Foreign Defendants' motion to dismiss. *See* Dkt. 24 at 8-9. With no federal claim remaining to anchor the state law claim, the values of "economy, convenience, fairness, and comity" counsel against retaining jurisdiction over the declaratory contract claim. *See Acri v. Varian Assocs., Inc*., 114 F.3d 999, 1001 (9th Cir. 1997) (*en banc*) (citation omitted); *see also* 28 U.S.C. § 1367(c). Though Brave's last footnote invokes the "common nucleus of operative fact" test, supplemental jurisdiction over a claim against a party lacking Article III standing cannot be saved by related claims against different parties. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 351-53 (2006) (supplemental jurisdiction cannot extend to "a claim that does not itself satisfy those elements of the Article III inquiry" as "standing is not dispensed in gross" (cleaned up)); *see also Turner v. City & Cnty. of San Francisco*, 892 F. Supp. 2d 1188, 1198 (N.D. Cal. 2012) (same). The declaratory contract claim should therefore be dismissed as to Foreign Defendants.

## III. CONCLUSION

For the reasons stated herein, Foreign Defendants' motion to dismiss should be granted.

---

[8] *See United States v. Schlenker*, 24 F.4th 1301 (9th Cir. 2022) (dispute over plea agreement terms); *United States v. Jackson*, 21 F.4th 1205 (9th Cir. 2022) (same); *Application Sci. & Tech., LLC v. Statmon Techs. Corp.*, 2006 WL 1430215, at *1 (N.D. Ill. Apr. 21, 2006) (disputing registration of copyright but not ownership).

Dated: September 17, 2026

**JENNER & BLOCK LLP**

By: /s/ *Navid Bayar*

Susan J. Kohlmann (pro hac vice)
Alison Stein (pro hac vice)
Navid C. Bayar (SBN 319640)

**TORRIDON LAW PLLC**

/s/ *Justin Romeo*

Brett Katz (pro hac vice)
Justin Romeo (pro hac vice)

*Attorneys for Defendants News Corp UK & Ireland Limited and News Pty Limited*